IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-125-TAV-HBG |
| | ) | |
| RODOLFO TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 18, 2019, for a motion and evidentiary hearing on the Defendant's pending pretrial motions, including his Unopposed Motion to Extend the Deadline for Filing Motions and to Continue the Trial Date [Doc. 20]. Assistant United States Attorney Alan Scott Kirk appeared on behalf of the Government. Attorneys T. Scott Jones and Mary Eugenia Lewis represented Defendant Torres, who was also present and participated with the aid of an interpreter.

Defendant Torres asks the Court to continue the March 3, 2020 trial date and the pretrial deadlines in this case. He states that his counsel are familiarizing themselves with the case and need additional time to complete their review of discovery, to confer with the Defendant, to investigate the case, to hire experts, and to prepare the case for trial.[1] The motion also relates that

---

[1] The Defendant also seeks additional time for the transcription of his preliminary hearing in state court. The Defendant supplemented the record by filing this transcript [Doc. 26-1 on December 16, 2019. Accordingly, Defendant's Motion to Supplement with Recording of Preliminary

defense counsel just completed a five-day jury trial and have been faced with "an unusual press of matters in other cases," immediately prior to the November 14 motion deadline.  The Defendant waives his speedy trial rights in relation to the motion.  The motion relates that the Government does not object to extending the motion deadline or continuing the trial.

At the motion hearing, Mr. Jones stated that additional time is needed in this case.  He confirmed that Defendant Torres is waiving his speedy trial rights in relation to the requested continuance.  AUSA Kirk confirmed that the Government does not oppose the request.

The Court finds the Defendant's motion to continue the trial and other deadlines to be well-taken and unopposed.  The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  Defendant Torres has filed two dispositive pretrial motions [Docs. 16 & 18], and the Court held an evidentiary hearing on these motions on December 18, 2019.  Defense counsel requested and was granted the opportunity to file post-hearing briefs on the Motion to Dismiss by January 3, 2020.  Additionally, defense counsel requested a new motion deadline of March 2, 2020, to file additional motions in this case.  After the parties complete the litigation of the instant motions and any additional motions, they will need time to prepare the case for trial.  The Court finds that the litigation of pretrial motions requires a seven-week continuance of the trial date.  Accordingly, the Court finds that the failure to grant the requested continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for trial, even taking into account counsel's acting with due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).

---

Hearing [**Doc. 21**] is **DENIED as moot**, because the transcript of the hearing is already filed in the record.

The Defendant's motion [**Doc. 20**] to continue the trial and other deadlines is **GRANTED**. The trial of this matter is reset to **April 21, 2020**. The Court also finds that all the time between the filing of the motion to continue on **November 14, 2019**, and the new trial date of **April 21, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to other scheduling in this case, the motion deadline is reset to **March 2, 2020**. Responses to motions are due on or before **March 16, 2020**. The parties are to appear before the undersigned for a final pretrial conference on **April 6, 2020, at 2:00 p.m.** This date is also the new deadline for filing a plea agreement, for filing motions *in limine*, and for providing reciprocal discovery. The parties must file any requests for special jury instructions no later than **April 10**, **2020**. Requests for special jury instructions must be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

> (1) The Defendant's Unopposed Motion to Extend the Deadline for Filing Motions and to Continue Trial Date [**Doc. 20**] is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **April 21, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
> (3) All time between the filing of the Defendant's motion to continue on **November 14, 2019**, and the new trial date of **April 21, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) The Defendant's Motion to Supplement with Recording of Preliminary Hearing [**Doc. 21**] is **DENIED as moot**, because the transcript of the hearing [Doc. 26-1] is already filed in the record;
>
> (5) The parties may file post-hearing briefs on the Motion to Dismiss on or before **January 3, 2020**.
>
> (6) The motion deadline is reset to **March 2, 2020**. Responses to motions are due on or before **March 16, 2020**;

(7) The parties are to appear before the undersigned for a final pretrial conference on **April 6, 2020, at 2:00 p.m.**  This date is also the deadline for filing a plea agreement or for filing motions *in limine*, and for providing reciprocal discovery; and

(8) Requests for special jury instructions, supported by citations to authority, shall be filed on or before **April 10, 2020**.

**IT IS SO ORDERED.**

                ENTER:

                _____
                United States Magistrate Judge