IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:19-CR-125-TAV-HBG |
| | ) | |
| RODOLFO TORRES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. This case is before the Court on Defendant Rodolfo Torres's Unopposed Motion to Continue the Pre-Trial Conference and Trial [Doc. 53], filed on August 27, 2020. Defendant Torres asks the Court to continue the September 22, 2020 trial date to give the parties time to complete litigation of his dispositive pretrial motions and to prepare for trial. The Defendant also states that the parties are still engaged in settlement negotiations and that defense counsel have had an unusual press of other matters. The motion relates that the Government does not object to the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of January 26, 2021.

The Court finds the motion to continue the trial and other deadlines is unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defendant Torres has filed several dispositive motions, seeking the dismissal of

the charges and suppression of evidence.  The undersigned filed a Report and Recommendation [Doc. 43] on these motions, to which Defendant Torres has objected [Doc. 44].  The Government has responded [Doc. 48] to the Defendant's objections, and the Defendant filed a reply [Doc. 50].  The District Judge needs time to rule on the Defendant's dispositive motions in light of the report and the parties' filings.  *See* 18 U.S.C. § 3161(h)(1)(H).  After the Court rules on the motions, the parties will need time to prepare the case for trial.  The Court finds that this cannot be completed by the September 22 trial date.  The Court finds that without a continuance, counsel for Defendant Torres would not have the reasonable time necessary to prepare for trial, despite counsels' exercise of due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The unopposed motion [**Doc. 53**] to continue the trial date is **GRANTED**, and the trial is reset to **January 26, 2021**.  The Court finds that all the time between the filing of the motion for a continuance on **August 27, 2020**, and the new trial date of **January 26, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B).  The parties agreed on a new schedule in this case, which is set out below.

Accordingly, it is **ORDERED** as follows:

> (1) Defendant Torres's motion to continue the trial and pretrial conference [**Doc. 53**] is **GRANTED**;
>
> (2)  The trial of this matter is reset to commence on **January 26, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;
>
> (3)  All time between the filing of the motion on **August 27, 2020**, and the new trial date of **January 26, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;
>
> (4) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **December 21, 2020**;

2

(5) The parties are to appear before the undersigned for a final pretrial conference on **January 11, 2021, at 11:30 a.m.**;

(6) Motions *in limine* must be filed no later than **January 11, 2021**; and

(7) Requests for special jury instructions, supported by citations to authority pursuant to Local Rule 7.4, shall be filed by **January 15, 2021.**

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge