IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:19-CR-125-TAV-HBG |
| | ) | |
| RODOLFO TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND OPINION**

This case is before the undersigned on the Motion for Pauper Status [Doc. 84], filed on November 18, 2021, and referred [Doc. 91] to the undersigned on November 29, 2021, for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. *See* 28 U.S.C. § 636(b). Defendant Rodolfo Torres entered a guilty plea to one count of knowing possession of a firearm by an illegal alien and was sentenced to thirty-seven months imprisonment to be followed by surrender to immigration authorities for deportation [Doc. 81]. As a part of his plea agreement [Doc. 65] and pursuant to Federal Rule of Criminal Procedure 11(a)(2), Defendant reserved the right to appeal the Court's ruling [Doc. 55], denying in part his suppression motion and denying his motions to dismiss the Indictment. The Judgment of conviction was entered on November 10, 2021 [Doc. 81]. Throughout his case in this Court, Defendant Torres has been represented by retained counsel Attorneys T. Scott Jones and Gena Lewis.

On November 19, 2021, Defendant filed a Notice of Appeal, through counsel, stating his intention to appeal the ruling on his motions to suppress and dismiss [Doc. 85].[1] The

---

[1] On November 19, 2021, Defendant filed a duplicate Notice of Appeal [Doc. 87]. The appeal pursuant to this second Notice of Appeal was dismissed as duplicative [Doc. 92].

Notice of Appeal relates that Defendant has filed a motion and supporting affidavit to appeal *in forma pauperis* due to his indigency and continuing incarceration [Doc. 85]. In the instant Motion for Pauper Status [Doc. 84], Defendant seeks to proceed on appeal without payment of fees or costs. In his supporting affidavit, Defendant states that he has no income and no debts or expenses. Defendant states that his assets are a home valued at $70,000 and two vehicles: a 2009 Honda Accord and a 1995 Nissan truck. Defendant relates that he has two minor children, ages twelve and five. Defendant contends that his wife's expenses exceed her income by $730 monthly. Defendant states that his family paid for his representation, that he has no other financial resources available to him, and that he anticipates being deported, following service of his term of imprisonment.

Rule 24 (a)(1) of the Rules of Appellate Procedure requires that parties seeking to proceed *in forma pauperis* to file a motion in the district court with an attached affidavit that

>(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
>(B) claims an entitlement to redress; and
>
>(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). The Court finds Defendant has provided an affidavit that establishes his indigency and inability to pay his fees and costs.[2] Moreover, Defendant has filed notice of his direct appeal and stated the issues he intends to present on appeal. The Court finds that Defendant meets the requirements of Rule 24(a)(1). Accordingly, Defendant's Motion for Pauper Status

---

[2] Although Defendant has an unencumbered house and two older vehicles, he also has a wife and children who share in and rely on these assets. Defendant has no readily available assets with which to pay his costs and fees on appeal.

[**Doc. 84**] is **GRANTED**, and Defendant is permitted to proceed on appeal without payment of costs or fees.[3]

        **IT IS SO ORDERED.**

                                      ENTER:

                                      _/s/ Bruce Guyton_
                                    United States Magistrate Judge

---

[3] A magistrate judge may grant a motion to proceed *in forma pauperis*, but "[i]f the decision is to deny, . . . the magistrate [judge] must make such recommendation to the district judge who will then take the final action." *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990) (per curiam).